UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO ZAFRA,<br><br>   Plaintiff,<br><br>  v.<br><br>EAST BAY MUNICIPAL UTILITY DISTRICT, *et al*.,<br><br>   Defendants. | Case No. 22-cv-03535-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT AND REOPENING CASE**<br><br>Re: Dkt. No. 16 |

Plaintiff's motion to set aside the dismissal is scheduled for a hearing on October 7, 2022. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is suitable for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion. The Clerk shall reopen this case. Defendants may renotice the motion to dismiss the complaint for a hearing on the Court's calendar.

**DISCUSSION**

Plaintiff filed this employment discrimination case on May 10, 2022, in the Superior Court for the County of Alameda. On June 15, 2022, defendants removed the action to this Court, and on June 17, defendants filed a motion to dismiss the complaint. Plaintiff failed to file an opposition, respond to an Order to Show Cause, or respond to an email from the Court's Clerk, and thus on July 25, 2022, the Court dismissed this case without prejudice for failure to prosecute and entered judgment the same day.

Less than a month later, plaintiff's counsel filed a motion to set aside the dismissal.[1]

---

[1] The "motion" was actually a declaration by plaintiff's counsel, which the Court construes as a motion.

1    Plaintiff's counsel states that an "unfortunate series of events" involving a "perfect storm of
2    technological errors" – specifically, a "recently revised and aggressive spam filter" – resulted in
3    counsel not receiving any notices from the Court's ECF system to alert him to the filing of
4    defendants' motion to dismiss or the Order to Show Cause. Dkt. Nos. 16 & 18.

5    Defendants oppose the motion. They argue that plaintiff's counsel is an "experienced"
6    attorney who was admitted to practice in the Northern District of California in 2020,[2] and that Mr.
7    Gabriel has not demonstrated excusable neglect. Defendants argue that Mr. Gabriel should have
8    actively monitored the case, and they note that various documents were served on Mr. Gabriel's
9    office by U.S. mail. Defendants have filed voluminous exhibits which they contend show that Mr.
10   Gabriel received notice of proceedings in this case and that he has failed to demonstrate excusable
11   neglect.

12   Under Federal Rule of Civil Procedure 60(b)(1), a district court may relieve a party from a
13   final judgment based on "(1) mistake, inadvertence, surprise or excusable neglect." A motion under
14   Rule 60(b)(1) "must be made within a reasonable time" and "no more than a year after entry of the
15   judgment or order or the date of the proceeding." Fed. R. Civ. Proc. 60(c)(1). The Ninth Circuit
16   has held that "neglect" "covers cases of negligence, carelessness and inadvertent mistake," including
17   when a party's lawyer fails to comply with a deadline. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220,
18   1224 (9th Cir. 2000). "[T]he determination of whether neglect is excusable is an equitable one that
19   depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of
20   the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether
21   the movant acted in good faith." *Id*. at 1223-24 (reversing denial of Rule 60(b)(1) motion where
22   district court did not apply equitable factors).

23   The Court concludes that plaintiff has established excusable neglect. Counsel's failure to
24   monitor this case was negligent, and that failure was compounded by the technological issues
25   resulting from the spam filter. The equitable factors weigh in favor of plaintiff. Counsel promptly
26   filed the Rule 60(b)(1) motion, and there is no prejudice to defendants by reinstating this recently-

---

[2] Mr. Gabriel was admitted to the California bar in May 2019.

1 filed case. Any delay is minimal, and defendants may renew their motion to dismiss the complaint
2 and set it for hearing soon. Further, the Court has no reason to question the good faith of plaintiff
3 or his counsel.
4     Accordingly, the Court GRANTS plaintiff's motion to set aside the judgment. The Clerk
5 shall reopen this case. Defendants may renotice the motion to dismiss for a hearing on the Court's
6 calendar in accordance with the Northern District's Local Rules.

**IT IS SO ORDERED**.

Dated: September 26, 2022

_____
SUSAN ILLSTON
United States District Judge